UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

R.A.M.A.,

Petitioner,

v.

MINGA WOFFORD, et. al.,

Respondents.

No. 1:25-cv-01844-DAD-ICD-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee proceeding with counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for a temporary restraining order, challenging his detention by Immigration and Customs Enforcement (ICE). ECF Nos. 1, 4. Petitioner entered the United States without inspection in 2024 and was detained at a routine check-in in October 2025. Id. Respondents contend Petitioner is “subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(1)(B)(ii).” ECF No. 9.

The District Judge granted the motion for temporary relief (ECF No. 10) and issued a preliminary injunction, enjoining and restraining Respondents “from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention by clear and convincing evidence.” ECF No. 12.

The matter was then referred to a magistrate judge for further proceedings. Respondents elected to stand on their prior briefing. ECF No. 15. Petitioner filed a reply. ECF No. 16. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's orders, ECF Nos. 10, 12, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). The undersigned finds that Petitioner's detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED; and
2. The terms of the preliminary injunction (ECF No. 12) be made permanent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE